IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10272
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

FRANK ANTONICELLI,

                                        Defendant-Appellant.
_____

            Appeal from the United States District Court for the
                        Northern District of Texas
                          (4:95-CR-143-A)
_____

                        February 10, 1997
Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    In this appeal, we address whether the Double Jeopardy Clause prohibits a court from imposing consecutive sentences for two counts of the same indictment, where one count charges the defendant with destroying property by means of explosion, and the other charges the defendant with carrying an explosive during the commission of a felony.

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In August 1994, the appellant, Frank Antonicelli, used a blasting cap and a length of detonating cord to destroy an automobile owned by neighbors of one of his friends. Antonicelli had obtained the blasting cap and detonating cord from a different individual, and Antonicelli concedes that he and his friend carried the cap and cord to the friend's apartment complex, where they connected the device to the neighbors' car. The resulting explosion also damaged the sidewalk and lawn near the car, and broke several windows at the apartment complex.

In December 1995, Antonicelli pled guilty to one count of an indictment alleging a violation of 18 U.S.C. § 844(i) (maliciously damaging a vehicle and building used in interstate commerce by means of fire or an explosive) and to a second count of the same indictment alleging a violation 18 U.S.C. § 844(h)(2) (carrying an explosive during the commission of a felony). Antonicelli objected to the consecutive sentencing recommended in the Presentence Report on double jeopardy grounds, but the court overruled his objection and sentenced him to 27 months imprisonment for the § 844(i) violation and 5 years imprisonment for the § 844(h)(2) violation, to be served consecutively. Antonicelli now appeals.

Antonicelli argues that he has been subjected to double punishments for the same acts in violation of the Double Jeopardy Clause of the Constitution. The Supreme Court addressed the double

jeopardy issues raised by multiple punishments in <u>Missouri v. Hunter</u>, concluding that "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. 359, 366, 103 S.Ct. 673, 678 (1983). The Court held that the reviewing court's sole task is to determine whether the legislature specifically authorized cumulative punishment. <u>Id.</u> at 368-9, 103 S.Ct. at 679.

Congress expressly authorized cumulative punishment of persons convicted under 18 U.S.C. § 844(h)(2), which proscribes carrying an explosive device during the commission of a federal felony. That statute provides, in relevant part:

> Whoever . . . carries an explosive during the commission of any felony which may be prosecuted in a court of the United States, including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, *in addition to the punishment provided for such felony*, be sentenced to imprisonment for 5 years but not more than 15 years . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive device was used or carried.*

18 U.S.C. § 844(h)(2) (emphasis added). Congress clearly *intended*--indeed, *required*--that persons like Antonicelli receive consecutive sentences. Antonicelli's sentences therefore do not

-3-

violate the Double Jeopardy Clause of the Constitution and are therefore

A F F I R M E D.